UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS GAYNOR,

    Petitioner,

v.                                  Case No. 8:21-cv-699-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

    Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) in which he challenges convictions for three counts of sexual battery and one count of lewd and lascivious act entered in case no. 89-cf-18450 in Hillsborough County, Florida. Respondent moves to dismiss the petition for lack of jurisdiction because it is a second or successive petition, and Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file the petition (Doc. 15). Upon consideration, the motion to dismiss will be granted.

    Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *See* 28 U.S.C. § 2244(b). *See also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application

for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Gaynor v. Secretary, Department of Corrections*, Case No. 8:07-cv-1570-JSM-TBM (M.D.Fla.) (petition dismissed as time-barred February 25, 2009) (*See* Doc. 15-1, Ex. 8).[1] The instant petition is the second petition challenging the convictions. Petitioner was therefore required to obtain authorization from the Eleventh Circuit before initiating this action in this Court.[2] He has not, however, alleged or shown that the court of appeals has authorized this Court to consider his petition. Consequently, this Court is without jurisdiction to consider the petition, and the case must be dismissed to allow Petitioner to seek said authorization. *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly:

1. Respondent's motion to dismiss (Doc. 15) is **GRANTED**. The petition (Doc. 1) is **DISMISSED** without prejudice.

---

[1] "Dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of the bar against second or successive § 2254 petitions." *Faison v. Sec'y, Florida Dep't of Corr.*, 806 Fed. Appx. 938, 939 (11th Cir. 2020) (citing *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017)).

[2] Petitioner's October 20, 2015 amended sentence did not create a new judgment because it merely corrected a clerical error to conform the written judgment and sentence to the oral pronouncement of sentence (*See* Doc. 15-1, Exs. 9-10). Such a clerical correction does not constitute a "new" judgment and sentence. *See Jones v. Sec'y, Dep't of Corr.*, 770 Fed. Appx. 1019, 1020–21 (11th Cir. 2019) (holding that amendment to judgment to correct clerical error did not result in new judgment); *State v. Jones*, 753 So.2d 1276, 1277 n.2 (Fla. 2000) (when "[t]he written sentencing order is inconsistent with the oral sentencing pronouncement ... the oral pronouncement controls.").

2. The Clerk is directed to send a copy of the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) to Petitioner with his copy of this Order and to close this case.

ORDERED in Tampa, Florida, on December 1, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
Counsel of Record